IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE WILLIAMS, *Petitioner* | : : : | CIVIL ACTION |
| v. | : : | |
| SUPERINTENDENT DAVID LARKINS *et al.*, *Respondents* | : : : | No. 98-6782 |

## MEMORANDUM

PRATTER, J.                                                                                                                                JULY 14, 2023

George Williams was convicted of second-degree murder, robbery, possession of an instrument of crime, and carrying firearms without a license. Mr. Williams filed a *pro se* Motion to Alter, to Amend, to Reconsider, and/or to Vacate under Federal Rules of Civil Procedure 59(e) and 60(b)(6). Mr. Williams seeks to alter the Court's May 26, 2020 Order denying his previously filed Motion to Vacate and to reopen his petition for a writ of habeas corpus that he filed in 1998. For the reasons that follow, the Court will deny Mr. Williams's motion.

### BACKGROUND

During a botched robbery in 1989 planned by Mr. Williams and his co-defendant Michael Rainey, Carroll Fleming was shot and killed. The Commonwealth tried Mr. Williams and Mr. Rainey together in 1991 for Mr. Fleming's murder. The evidence at trial showed that Mr. Williams and Mr. Rainey intended to rob Mr. Fleming because they believed that he operated a speakeasy. During the robbery, Mr. Williams and Mr. Rainey approached the door to the speakeasy, and Mr. Rainey shot Mr. Fleming with a shotgun, killing him. The jury acquitted Mr. Williams of conspiracy to commit first-degree murder but convicted him of second-degree murder, robbery,

possession of an instrument of crime, and carrying firearms without a license. Mr. Williams was sentenced to life imprisonment without the possibility of parole.

In 1998, Mr. Williams filed a petition for a writ of habeas corpus in federal court. The Court denied Mr. Williams's petition, and in 2000, the Third Circuit Court of Appeals denied a certificate of appealability. In 2002, Mr. Williams sought permission to file a second or successive habeas petition; however, the district court denied Mr. Williams's request.

In 2018, Mr. Williams filed a motion to vacate his life sentence under Rule 60(b). In this motion, Mr. Williams argued that after-discovered evidence demonstrated that he was actually innocent of the crimes for which he was convicted. The after-discovered evidence included three police reports, allegedly exculpatory testimonial evidence, and affidavits of witnesses, all of which Mr. Williams argued were unavailable to him at the time that he filed his petition for a writ of habeas corpus in 1998. Mr. Williams argued that this "new" evidence proved his actual innocence and warranted a dismissal of his conviction under Rule 60(b)(6). The Commonwealth argued in response that the motion was time-barred under Rule 60(c) and should be construed as an unauthorized second or successive habeas petition. The Court concluded that Mr. Williams's Rule 60(b) motion was untimely and that it was a second or successive habeas petition based on its substance. Because Mr. Williams did not seek permission from the Third Circuit Court of Appeals to file his petition, the district court lacked jurisdiction to review it and denied the motion.

Mr. Williams sought a certificate of appealability, but the Third Circuit Court of Appeals denied his application because "[j]urists of reason would not debate whether the District Court erred in determining that [Mr.] Williams' Rule 60(b) motion, which sought to present new evidence of alleged prosecutorial misconduct and [Mr.] Williams' actual innocence, was an

2

unauthorized successive petition under 28 U.S.C. § 2254 that the District Court lacked jurisdiction to consider." Sept. 10, 2021 Order at 1.

In 2022, Mr. Williams filed the instant motion to alter, amend, reconsider, and/or vacate the Court's order denying his previous Rule 60(b) motion, to grant his present Rule 60(b) motion and his petition for a writ of habeas corpus, and to release him from custody.

## LEGAL STANDARD

Rule 60 governs the grant of relief from a final judgment, order, or proceeding.[1] Fed. R. Civ. P. 60. "Rule 60(b)(6) is a catch-all provision that permits a court to grant relief from a final judgment based on any 'reason that justifies relief' other than the five articulated grounds in (b)(1) through (5)."[2] *Waliyud-Din v. Att'y Gen. of Pa.*, No. 10-cv-5851, 2020 WL 6262982, at *1 (E.D. Pa. Oct. 23, 2020). Courts employ a "flexible, multifactor approach . . . that takes into account all the particulars of a movant's case" when considering a Rule 60(b)(6) motion. *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014). Relief under Rule 60(b)(6) is only warranted in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993). "This is a difficult standard to meet,

---

[1] A motion to alter or amend a judgment pursuant to Rule 59(e) "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Because Mr. Williams's present motion was filed more than two years after the entry of the May 26, 2020 Order that he challenges, his motion is untimely under Rule 59(e), and the Court thus focuses on the analysis required by Federal Rule of Civil Procedure 60(b) instead.

[2] Rule 60 authorizes a court to relieve a party from a final judgment or order on the following specific grounds:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void; [or]
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.
Fed. R. Civ. P. 60(b)(1)–(5).

and '[s]uch circumstances will rarely occur in the habeas context.'" *Satterfield v. Dist. Att'y Phila.*, 872 F.3d 152, 158 (3d Cir. 2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Courts must also consider the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, 28 U.S.C. § 2244, which imposes restrictions on the filing of second or successive habeas petitions. "AEDPA's restrictions on the filing of second or successive habeas petitions make it implausible to believe that Congress wanted Rule 60(b) to operate under full throttle in the habeas context." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). "Rule 60(b) has an unquestionably valid role to play in habeas cases," but it does not allow petitioners to file second or successive petitions. *Gonzalez*, 545 U.S. at 534. As discussed *infra*, motions under Rule 60(b) that present a new claim for relief and motions that attack "the federal court's previous resolution of a claim *on the merits*" are impermissible successive petitions. *Id.* at 531–32. A petitioner may, however, properly challenge a "defect in the integrity of the federal habeas proceedings" under Rule 60(b). *Id.* at 532.

## DISCUSSION

Mr. Williams's present Rule 60(b)(6) motion seeks to alter, amend, or vacate the May 26, 2020 Order denying his previously filed Rule 60(b) motion. The Court, upon consideration of his prior Rule 60(b) motion, concluded that Mr. Williams's motion was untimely under Rule 60(c)(1) and constituted an unauthorized second or successive habeas petition. Because the May 26, 2020 Order was a denial of Mr. Williams's second or successive habeas petition, the Court will construe the present motion as one seeking to reopen his previously filed second or successive habeas petition, in addition to reopening his originally filed petition.

### I. Procedural Bar

As a threshold matter of jurisdiction, the Court must first determine whether the present Rule 60(b)(6) motion is in substance a successive habeas petition or whether it is properly brought

4

under Rule 60(b). *See Gonzalez*, 545 U.S. at 531. In *Gonzalez*, the Supreme Court of the United States expressed concerns that by filing Rule 60(b) motions challenging the dismissal of their habeas petitions, petitioners would "circumvent[] AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts" and affirmed the requirement that "a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Id.* at 531–32 (citing 28 U.S.C. § 2244(b)(3)).

"[D]etermining whether a Rule 60(b) motion advances one or more 'claims' [is] relatively simple," and "[a] motion that seeks to add a new ground for relief" is one such example of a motion advancing a claim. *Id.* at 532. "A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution *on the merits*" because that is "effectively indistinguishable" from the petitioner arguing that he is "entitled to habeas relief." *Id.* The Supreme Court differentiated this from a Rule 60(b) motion that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532. Such a motion is properly brought under Rule 60(b) and will not be treated as a successive habeas petition. *Id.*

### A. The Rule 60(b) Motion Advances Claims

Mr. Williams argues in his present Rule 60(b) motion that he is actually innocent and is entitled to relief because (1) there was an intervening change in law which set forth a new actual innocence standard; (2) that new evidence proves his actual innocence;[3] and (3) the denial of his

---

[3] Mr. Williams argues that the "new" evidence which proves his actual innocence includes three police reports allegedly suppressed by the police or prosecution; an affidavit from a witness at Mr. Williams's trial which contradicted his trial testimony regarding Mr. Williams's presence at the scene of Mr. Fleming's murder; and a statement by the Superior Court of Pennsylvania that because the trial transcripts from Mr. Williams's trial had been lost, the statements in the witness's affidavit could not be compared to his trial testimony.

previous Rule 60(b) motion was a miscarriage of justice, in part, because the court did not reach the substance of his motion.[4] In asserting these three arguments, and specifically by presenting new evidence which he argues tends to prove his innocence, Mr. Williams is arguing that he is entitled to habeas relief because he is actually innocent. *See Gonzalez*, 545 U.S. at 532.

Although Mr. Williams partially challenges the May 26, 2020 Order on procedural grounds as discussed below, and thus attacks a "defect in the integrity of the federal habeas proceedings," *id.* at 532, the bulk of his motion addresses the *merits* of his prior motion and advances a claim that Mr. Williams is actually innocent. For these reasons, Mr. Williams's present Rule 60(b)(6) motion is a successive habeas petition. *Id.* at 531–32. And the Court must deny Mr. Williams's successive habeas petition because he did not obtain authorization from the Third Circuit Court of Appeals before filing it. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). This Court thus lacks jurisdiction to consider Mr. Williams's present motion to the extent it brings new claims. *See, e.g., Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010) ("If an application [for a writ of habeas corpus] is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court."); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (holding that the district court lacked jurisdiction to "entertain" petitioner's "second or successive" habeas petition because he did not receive authorization from the court of appeals before filing it); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) ("Unless the court of appeals grants . . .

---

[4] Mr. Williams relies on case law regarding motions under Rule 59(e) in raising these three arguments. He cites to *Bannister v. Armontrout*, 807 F. Supp. 516, 556 (W.D. Mo. 1991), which states in relevant part that "[a] motion to alter or amend under Rule 59(e) must rely on one of three major grounds: 1) an intervening change in controlling law; 2) the availability of new evidence not available previously; or 3) the need to correct a clear error of law or prevent manifest injustice." *See also United States ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014).

6

permission [to file a successive petition], the district court may not consider the second or successive petition."); *Joseph v. Garman*, No. 18-cv-2202, 2023 WL 3594144, at *2 (E.D. Pa. May 22, 2023) ("AEDPA's allocation of 'gatekeeping' responsibilities to the courts of appeals divests district courts of jurisdiction over habeas applications that are second or successive."); *Wakeel v. Fugerson*, No. 18-cv-3050, 2023 WL 2614599, at *2 (E.D. Pa. Mar. 23, 2023) (providing that under AEDPA, "a prisoner cannot file a second or successive petition for writ of *habeas corpus* without first seeking and receiving approval from the court of appeals. Absent such authorization, the district court is not permitted to consider the merits of the subsequent petition.").

## B. Procedural Challenges

Construing Mr. Williams's motion liberally, as the Court must, *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 941 (3d Cir. 2019), it appears that the motion is, in some part, properly brought under Rule 60(b) because Mr. Williams challenges the May 26, 2020 Order as not "reach[ing] the merits of the petition." *Waliyud-Din*, 2020 WL 6262982, at *2. Mr. Williams argues that the Court, in its May 26, 2020 Order, did not address the substance of the arguments asserted in his Rule 60(b) motion—namely that new evidence proved his innocence—because the Court construed the motion as an unauthorized second or successive habeas petition and thus concluded that it lacked jurisdiction to review the motion. Mr. Williams also challenges the May 26, 2020 Order, and the dismissal of his first Rule 60(b) motion, on grounds of untimeliness. Mr. Williams contends that he filed his first motion to alter under Rule 60(b)(6); however, the district court construed it as a Rule 60(b)(2) motion because Mr. Williams presented "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). A Rule 60(b)(2) motion must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Because Mr. Williams's motion was filed 22 years after his habeas petition was

7

denied, the district court denied the motion as untimely and did not reach the substance of Mr. Williams's arguments.

*First*, Mr. Williams challenges the Court's conclusion that it lacked jurisdiction to review the merits of his petition. For the same reasons discussed above, the district court properly construed Mr. Williams's first Rule 60(b) motion as a second or successive habeas petition because he asserted new claims that were not raised in his initial habeas petition. *Gonzalez*, 545 U.S. at 531–32. Mr. Williams argued that the following "new" evidence proved his actual innocence: three police reports, disclosed in 2006, which were allegedly suppressed by the police or the prosecution in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); a 2013 affidavit from Kevin Lewis—an eyewitness to Mr. Fleming's murder who testified against Mr. Williams during his trial—which contradicted his trial testimony with respect to Mr. Williams's presence at the scene of the murder; and a statement by the Superior Court of Pennsylvania in 2015 that Mr. Williams's original trial transcripts had been lost so Mr. Lewis's 2013 affidavit could not be compared to Mr. Lewis's trial testimony. The district court reasoned that Mr. Williams's Rule 60(b) motion was, in substance, a habeas petition because he sought adjudication on the merits of his claims. *See Gonzalez*, 545 U.S. at 530. Thus, the district court properly declined to exercise jurisdiction because Mr. Williams did not obtain authorization from the Third Circuit Court of Appeals prior to filing his second or successive habeas petition. 28 U.S.C. § 2244(b)(3)(A).

*Second*, Mr. Williams challenges the district court's decision to construe his motion as a Rule 60(b)(2) motion rather than a Rule 60(b)(6) motion, as it was originally filed.[5] Mr. Williams

---

[5] The May 26, 2020 Order provided as follows, in construing Mr. Williams's Rule 60(b) motion as a Rule 60(b)(2) motion:
> Petitioner categorizes his request as a 60(b)(6) motion. However, Petitioner repeatedly references new evidence. This new evidence, Petitioner alleges, proves his innocence. Rule 60(b)(2) concerns . . . "newly discovered evidence . . . that could not have been discovered in time for a new trial." Fed. R. Civ. P. [60(b)(2).] Whereas, Rule 60(b)(6) is a catchall

8

argues that this resulted in his motion being improperly dismissed as untimely under the strict one-year statute of limitations for Rule 60(b)(2) motions set forth in Rule 60(c)(1) rather than the more flexible "reasonable time" frame provided for Rule 60(b)(6) motions. Fed. R. Civ. P. 60(c)(1). He appears to argue that his Rule 60(b)(6) motion was filed within a reasonable time and thus should have been considered timely under Rule 60(c)(1).

Mr. Williams's first Rule 60(b) motion was filed on November 15, 2018, approximately 18 years after the Third Circuit Court of Appeals affirmed the denial of his original habeas petition in 2000. Although Rule 60(b)(6) motions need only be filed "within a reasonable time," a delay of 18 years does not qualify as "reasonable." Fed. R. Civ. P. 60(c)(1). Courts have provided that "a motion under Rule 60(b)(6) filed *more than a year after final judgment* is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner." *Walker v. Dauphin Cnty. Prison*, No. 06-cv-1442, 2021 WL 6337514, at *1 (M.D. Pa. Feb. 24, 2021) (emphasis added); *accord Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (concluding that a Rule 60(b)(6) motion filed nearly two years after district court's initial judgment was not made within a reasonable time); *Carrasco v. Thomas D. Walsh, Inc.*, 988 A.2d 471, 476 (D.C. Cir. 2010) ("Motions under Rule 60(b)(6) must be made within a 'reasonable time,' and the passage of a year may render a motion untimely 'absent compelling reasons of the delay.'"). Thus, Mr. Williams's approximately 18-year delay renders his Rule 60(b)(6) motion untimely unless extraordinary and compelling circumstances exist to justify the delay.

---

provision utilized solely in situations where Rules 60(b)(1)–(6) do not apply. Petitioner's Motion repeatedly addresses the alleged new evidence he believes justifies relief from his state court judgment. Accordingly, the Court will review Petitioner's Motion under Rule 60(b)(2).

May 26, 2020 Order at 3–4.

9

To some extent, the delay is justified because Mr. Williams did not discover the alleged new evidence, which forms the basis of the claims in his Rule 60(b) motion, until 2006 when the police reports were disclosed, 2013 when Mr. Lewis made the statements contained in his affidavit, and 2015 when the Superior Court of Pennsylvania stated that Mr. Williams's original trial transcripts had been lost. Thus, the soonest that Mr. Williams could have filed a motion presenting all of this new evidence was in 2015. However, Mr. Williams offers no explanation for the nearly three-year delay between his learning in 2015 that his trial transcripts had been lost and the filing of his first Rule 60(b) motion in November 2018.

A motion made three years after the discovery of new evidence is not made within a reasonable time, and because Mr. Williams offers no compelling reasons to justify this three-year delay, his Rule 60(b) motion, even construed as a Rule 60(b)(6) motion, was untimely under Rule 60(c)(1). So, even considering Mr. Williams's motion as filed, the Court would not have considered the merits of his motion.

For all of these reasons, Mr. Williams has failed to demonstrate "extraordinary circumstances" warranting relief under Rule 60(b)(6), *see Sawka*, 989 F.2d at 140, and the Court denies the instant Rule 60(b)(6) motion to the extent it raises procedural challenges to the adjudication of his prior Rule 60(b) motion.

## II. A Certificate of Appealability Will Not Issue

A habeas petitioner may appeal the final order in a habeas proceeding only if a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A petitioner must also obtain a certificate of appealability before he "appeals the denial of a Rule 60(b) motion seeking reconsideration of a dismissal of a habeas petition, even if that dismissal was on procedural grounds." *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 282 (3d Cir. 2021). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional

claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because jurists of reason would not find it debatable that this Court's procedural ruling is correct, no certificate of appealability will issue here.

## CONCLUSION

For all of these reasons, the Court will deny Mr. Williams's Motion to Alter, to Amend, to Reconsider, and/or to Vacate, and no certificate of appealability will issue. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE